■ In the Matter of RIVERHEAD TAVERN, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [876 NYS2d 882]—

In a consolidated hybrid proceeding pursuant to CPLR article

78, in effect, in the nature of mandamus to compel the New York State Liquor Authority to conduct a postdetermination hearing in accordance with 9 NYCRR 52.1 in connection with the denial of the application of Riverhead Tavern, Inc., for a license to sell liquor at retail for consumption on its premises and action for a judgment declaring that Riverhead Tavern, Inc., is entitled to a postdetermination hearing before the New York State Liquor Authority with respect to that agency's determination dated July 27, 2007, denying its application for a license to sell liquor at retail for consumption on its premises, Riverhead Tavern, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Molia, J.), dated April 23, 2008, as denied its motion for summary judgment declaring that it is entitled to such a postdetermination hearing and denied that branch of the petition which was, in effect, in the nature of mandamus to compel the New York State Liquor Authority to conduct a postdetermination hearing in accordance with 9 NYCRR 52.1.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was, in effect, in the nature of mandamus to compel the New York State Liquor Authority to conduct a postdetermination hearing in accordance with 9 NYCRR 52.1 is granted, the motion of Riverhead Tavern, Inc., for summary judgment declaring that it is entitled to such a postdetermination hearing is denied as unnecessary, and the cause of action for a judgment declaring that it is entitled to such a postdetermination hearing is dismissed as unnecessary.

Riverhead Tavern, Inc. (hereinafter Riverhead), filed an application for a license to sell liquor at retail for consumption on its premises. In a determination dated July 27, 2007, the New York State Liquor Authority (hereinafter the Liquor Authority), upon reconsideration of an earlier determination dated June 19, 2007, and after it had conducted an investigation, denied the application. Thereafter, by letter dated August 15, 2007, the Liquor Authority denied Riverhead's request, made in accordance with section 52.1 of the Rules of the New York State Liquor Authority (9 NYCRR 52.1), for a postdetermination hearing.

The procedure governing applications for a license to sell liquor at retail for consumption at an applicant's premises is set forth in Alcoholic Beverage Control Law § 64. That section, in turn, incorporates by reference the section of the Alcoholic Beverage Control Law governing the procedure for applications for a license to sell beer at retail for on-premises consumption (see Alcoholic Beverage Control Law § 54 [3]; § 64 [3]). Under

Alcoholic Beverage Control Law § 54 (3), if such an application is denied, the applicant may request the Liquor Authority to review the determination. Upon submission of a request complying with the rules of the Liquor Authority, the Liquor Authority "shall" hold a hearing (Alcoholic Beverage Control Law § 54 [3]; *see* 9 NYCRR 52.1). Here, despite the plain terms of the statute and regulation, the Liquor Authority refused to hold a postdetermination hearing.

The Supreme Court should have granted that branch of the petition which was, in effect, in the nature of mandamus to compel the Liquor Authority to conduct a postdetermination hearing since Riverhead established a clear legal right to the relief requested (*see Matter of County of Fulton v State of New York,* 76 NY2d 675, 678 [1990]). Pursuant to statute and its own rules, the Liquor Authority is required to hold a postdetermination hearing.

In light of our determination of the CPLR article 78 proceeding, we deny, as unnecessary, the summary judgment motion made by Riverhead Tavern, Inc., in the action. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.